**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
CALVIN RIGGINS,                              :
                                             :
        Plaintiff,                    :    Civ. No. 18-12877 (FLW)(LHG)
                                             :
  v.                                         :
                                             :    **MEMORANDUM AND ORDER**
GRIFFIN BANOS et al.,                        :
                                             :
        Defendants.                  :
_____    :

        This matter has been opened to the Court by Plaintiff Calvin Riggins' ("Riggins" or "Plaintiff"), motion seeking reconsideration of the Court's April 16, 2020 Opinion and Order dismissing his Amended Complaints at screening pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF Nos. 15-16. For the reasons explained in this Memorandum and Order, the motion for reconsideration, ECF No. 17, is denied.

        Plaintiff is a pretrial detainee presently held at the Middlesex County Adult Correction Center, in New Brunswick, New Jersey. The Court previously granted Plaintiff's IFP application and dismissed without prejudice his Complaint pursuant to its screening authority under 28 U.S.C. §§ 1915(e) and 1915A and provided him with leave to submit an Amended Complaint. *See* ECF Nos. 5, 8-9. Plaintiff filed an Amended Complaint and a Second Amended Complaint, ECF Nos 10, 14, and the Court screened the Amended Complaints under 28 U.S.C. §§ 1915(e), dismissed the federal claims pursuant to its screening authority under §1915(e), declined supplemental jurisdiction over any state law claims, and denied further leave to amend. ECF Nos. 15-16. Plaintiff now seeks reconsideration of that decision on several grounds.

        A court deciding a motion for reconsideration may alter or amend a judgment "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening

1

change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677 (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Plaintiff appears to assert that he should be permitted to add the State of New Jersey as a defendant in this action based on principles of vicarious liability and/or respondeat superior under the New Jersey Tort Claims Act ("New Jersey TCA"). *See* Motion Caption and ¶ 2. As explained in the Court's prior Opinion, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (citation omitted). An action against a State agent in that agent's official capacity is considered an action against the State itself, not one against a "person." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, a §1983 claim against the State of New Jersey would be subject to dismissal with prejudice. Nor can Plaintiff bring state law tort claims in federal court unless there is a basis for federal jurisdiction, as the Court is generally required to decline to exercise supplemental jurisdiction over state law claims where it has dismissed the federal claims. *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." (internal quotation marks omitted)). For these reasons, the Court denies reconsideration on this basis.

Plaintiff further asserts that a civil forfeiture action was never instituted in connection with the seizure of noncontraband property from his home, Motion at ¶ 1, and that the Middlesex County Prosecutor's Office improperly denied his OPRA request regarding the testing of the

unknown powders found in his residence. *See id.* at ¶ 3.  Neither of these alleged wrongs provide a basis for reconsideration of the Court's dismissal of the Amended Complaints at screening.

Plaintiff also asserts that his legal mail was destroyed during the week of September 3, 2018, which prevented him from proving his claims, and he should be permitted to amend his Complaint to add claims for the destruction of his mail and/or loss of his civil rights claims.  *See id.* at ¶ 10.  Plaintiff does not explain how the destruction of his legal mail prevented him from proving his claims in this action.  Moreover, Plaintiff's Amended Complaints in this action were filed in 2019 and 2020, and he could have included these facts in either Amended Complaint.  As such, these facts do not provide a basis for reconsideration.

Finally, Plaintiff also attempts to assert new conditions of confinement and inadequate medical care claims arising from his recent confinement at Middlesex County Adult Correctional Center during the COVID-19 pandemic, and further asserts that he has been denied ineffective assistance of counsel due to the restrictions in effect at the jail.  *See* Motion at ¶¶ 4-9, 11-12.  These claims would be against new defendants and are unrelated to the claims initially asserted in this action, and a motion for reconsideration is not the proper vehicle to bring such claims.  Instead, Plaintiff is free to file a new civil action <u>in a new case</u>, along with an application to proceed *in forma pauperis* to the extent he wishes to pursue these claims.  The Court makes no determination about the viability of such claims at this time.

For all these reasons, Plaintiff's motion for reconsideration is denied.

**IT IS, THEREFORE**, on this   4th   day of   January, 2021,

**ORDERED** that the Clerk of the Court shall mark this matter as **OPEN**; and it is further

**ORDERED** that Plaintiff's motion for reconsideration, ECF No. 17,  is **DENIED**; and it is further

3

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file and **CLOSE** this case accordingly.

*s/Freda L. Wolfson*
Freda L. Wolfson
U.S. Chief District Judge
